

*Attorneys at Law*
45 BROADWAY, 28TH FLOOR, NEW YORK, NEW YORK 10006
TEL: (212) 248-7431 FAX: (212) 901-2107
WWW.NYCEMPLOYMENTATTORNEY.COM
A PROFESSIONAL LIMITED LIABILITY COMPANY

May 28, 2025

**MEMO ENDORSED**

<u>Via E-mail</u>
Hon. Jeannette A. Vargas
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

      **Re:**    **Eric Camp v. New York City Health & Hospitals Corporation, et al.**
               **Case No.: 1:24-cv-01344-JAV**

Dear Judge Vargas,

       We represent Plaintiff in the above-referenced matter. Pursuant to Fed. R. Civ. P. 37, we respectfully request that the Court impose sanctions on Defendants, including (1) an order precluding Defendants from presenting any witnesses at trial, and (2) an adverse inference instruction based on their continued and willful noncompliance with the Court's discovery orders and obligations under the Federal Rules; and (3) awarding Plaintiff's reasonable costs and attorney's fees, the imposition of a fine of $500, or any other relief the Court deems appropriate.

       By way of background, this case was removed to the Southern District of New York on February 22, 2024 (Dkt. No. 1) and referred to mediation on April 9, 2024 (Dkt. No. 8). The July 22, 2024, mediation was ultimately unsuccessful (Dkt. No. 9), and on September 9, 2024, the Court entered a case management plan setting a fact discovery deadline of March 4, 2025 (Dkt. No. 13). A settlement conference was originally scheduled for December 20, 2024 (Dkt. No. 21), however, Defendants' counsel failed to appear. The rescheduled conference on February 11, 2025, was also unsuccessful (Dkt. No. 23).

       On February 20, 2025, Plaintiff filed a letter motion (Dkt. No. 28) advising the Court that despite serving interrogatories and document requests on October 15, 2024, Defendants had not provided responses. Plaintiff also advised the Court that Defendants had not served any discovery requests of their own and remained noncompliant with their Rule 26(a) initial disclosure obligations. Following a discovery conference on March 3, 2025 (Dkt. No. 31), the Court issued an order on March 4, 2025 directing Defendants to produce their Rule 26(a) disclosures and respond to Plaintiff's discovery requests by April 11, 2025. The Court also scheduled an in-person status conference for April 15, 2025 and extended the discovery deadline to June 4, 2025. (Dkt. No. 33).

       Notwithstanding the Court's clear directive, and despite Plaintiff's continued efforts to resolve these issues, Defendants failed to serve the required disclosures or responses. Plaintiff

notified the Court of this noncompliance on April 14, 2025 (Dkt. No. 36). Defendants' counsel then failed to appear for the April 15, 2025 status conference. The following day, the Court issued an Order to Show Cause as to why sanctions should not be imposed (Dkt. No. 37).

Since then, Plaintiff's counsel contacted Defendants on May 1, 2025 and May 13, 2025 to obtain witness availability for depositions prior to the June 4, 2025 discovery deadline. However, and true to form, Defendants' counsel did not responded these inquiries. This pattern of willful disregard for the Court's orders and the rules governing discovery has significantly prejudiced Plaintiff's ability to prosecute this case. Under Rule 37(b)(2), the Court has broad authority to impose sanctions, including prohibiting a disobedient party from introducing designated matters into evidence and directing that certain facts be taken as established. There, in light of the above, we respectfully request that the Court issue an Order:

1. Precluding Defendants from offering any witnesses or testimony at trial due to their refusal to participate in discovery;
2. Issuing an adverse inference instruction at trial with respect to the facts and issues encompassed by Plaintiff's discovery requests; and
3. Plaintiff's reasonable costs and attorney's fees, the imposition of a fine of $500, or such other relief as the Court deems appropriate.

We also respectfully request such other and further relief as the Court deems just and proper under the circumstances. We appreciate the Court's attention to this matter.

Respectfully submitted,


/s/ Max C. Bracero, Esq.
Max C. Bracero, Esq.
**PHILLIPS & ASSOCIATES, PLLC**
*Attorneys for Plaintiff*
45 Broadway, 28th Floor
New York, NY 10006
mbracero@tpglaws.com


cc:    Yi Lie, Esq, Counsel for Defendants (Via ECF)

Mr. Liu is **ORDERED** to file a letter by end of day tomorrow, May 29, 2025, explaining why he has not responded to Plaintiff's requests to schedule depositions in this matter.

**SO ORDERED.**

*[signature: Jeannette Vargas]*

HON. JEANNETTE A. VARGAS
UNITED STATES DISTRICT JUDGE

Date: May 28, 2025