UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ERIC CAMP,

                Plaintiff,

         -v-                                  24-CV-01344 (JAV)

NEW YORK CITY HEALTH AND HOSPITALS      MEMORANDUM OPINION
CORPORATION, et al.,                                 AND ORDER

                Defendants.

---

JEANNETTE A. VARGAS, United States District Judge:

Currently before the Court is a Motion for Extension of Time to Complete Discovery. ECF No. 42 ("Mot."). The Motion for an Extension of Time is in fact a motion to reopen discovery, which closed on June 4, 2025. The motion to reopen discovery is GRANTED IN PART AND DENIED IN PART. The deadline for completion of fact discovery shall be extended to July 9, 2025, for the limited purpose of taking depositions.

## PROCEDURAL HISTORY

A Case Management Plan was entered in this case by Judge Paul A. Engelmayer on September 5, 2024. ECF No. 13. Pursuant to the Case Management Plan, the deadline for the completion of fact discovery was March 4, 2025. *Id.* The deadline for serving initial document requests and interrogatories was October 15, 2024. *Id*.

This Case was reassigned to the undersigned on December 18, 2024. This Court entered an order on January 21, 2025, which stated that all prior deadlines set by Judge Engelmayer shall remain in effect. ECF No. 24. On February 10, 2025, Plaintiff filed a motion to compel discovery. ECF No. 25. The Court held a conference on this discovery motion on March 3, 2025. ECF No. 31. At the conference, the Court ordered Defendants to provide its outstanding

discovery responses to Plaintiff by April 2, 2025, and extended the fact discovery deadline to June 4, 2025. ECF No. 33. The Court later granted Defendant an extension of time until April 11 to serve its responses to Plaintiff's discovery requests. ECF No. 35. On May 28, 2025, Plaintiff filed a motion for sanctions, indicating that defense counsel had not been responsive to requests to schedule depositions. ECF No. 38. The Court denied the motion for sanctions, but ordered the parties to comply with their discovery obligations going forward. ECF No. 41.

Fact discovery closed on June 4, 2025. On June 9, 2025, the parties submitted a joint letter motion requesting an extension of the fact discovery deadline until October 31, 2025. ECF No. 42. The motion indicated that Defendant had served its first set of interrogatories and document requests on June 2, 2025, two days before the close of fact discovery and more than seven months after the deadline set in the Case Management Plan. *Id*. No explanation is offered for this delay. The parties have also apparently not scheduled depositions. *Id*. The letter also indicates that Defendants' counsel is due to begin family leave on July 9, 2025, and that Plaintiff's counsel will be out on vacation from June 19 through July 7, 2025. *Id*. Again, no explanation is offered as to why depositions did not take place during the month of June. *Id*.

This Court's Individual Civil Rules provide, at Section 3.E, that any request for an extension of time must be made in writing and filed on ECF as a letter-motion at least 48 hours prior to the deadline sought to be extended. With respect to extensions of the deadline to complete discovery specifically, the Court's Individual Civil Rules state that such requests are "unlikely to be granted. But any such request shall include a statement as to what discovery requests have been propounded, who propounded each request, and on what date; what responses were made, who made each response, and on what date; and the volume of documents produced, who produced the documents, and on what date."

"A district court has broad discretion in deciding whether good cause exists to amend the scheduling order and reopen discovery." *Tatintsian v. Vorotyntsev*, No. 1:16-CV-7203-GHW, 2021 WL 780139, at *4 (S.D.N.Y. Jan. 27, 2021) (citation omitted). A party seeking to reopen discovery must show that the failure to obtain the needed discovery "was not caused by the party's own lack of diligence." *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 79 (S.D.N.Y. 2012). That is, the parties "seeking to reopen discovery must show why the court's deadlines could not reasonably have been made despite their diligence." *136 Field Point Circle Holding Co. LLC v. Razinski*, No. 21 Civ. 11076 (JHR), 2024 WL 182131, at *2 (S.D.N.Y. Jan. 17, 2024) (cleaned up). In determining whether good cause exists to reopen discovery, courts also consider the moving party's explanation for failing to comply with the scheduling order, their diligence in seeking a modification to the schedule, the importance and relevance of the additional discovery sought, whether the party seeking the additional discovery has had an adequate opportunity for discovery, prejudice to the party opposing the request, and the imminence of trial. *Rubik's Brand Ltd. v. Flambeau, Inc.*, 329 F.R.D. 55, 58 (S.D.N.Y. 2019).

In this case, the parties had nine months to conduct fact discovery, and the Court has previously granted an extension of this deadline. That was ample time to complete discovery in this discrimination action involving a single plaintiff. *See Jackson v. Fed. Exp.*, 766 F.3d 189, 198–99 (2d Cir. 2014) (district court did not abuse its discretion in denying motion to reopen discovery where parties had "ample time in which to pursue the discovery that it now claims is essential" (citation omitted)); *136 Field Point Circle Holding Co.*, 2024 WL 182131 at *2 (four months for fact discovery sufficient); *see also* Fed. R. Civ. P. 26(a)(2)(C) ("On motion or on its own, the court must limit the frequency or extent of discovery . . . if it determines that . . .

3

**(ii)** the party seeking discovery has had ample opportunity to obtain the information by discovery in the action.").

The record shows that Defendants have not been diligent in pursuing discovery, and that their document requests and interrogatories are untimely. In contrast, Plaintiff has timely submitted its discovery requests and, when Defendants failed to respond, filed motions with the Court to compel Defendants' compliance with their discovery obligations. As reflected in the record, Plaintiff also reached out to Defendants in May in an attempt to schedule depositions prior to the close of fact discovery, and contacted the Court when Defendants failed to timely respond. Plaintiff should not be prejudiced by the delays caused by Defendants. Moreover, although defense counsel will be on parental leave until October 2025, he has not explained why another attorney at Corporation Counsel cannot provide coverage for this case in his absence.

Accordingly, the Court will grant the motion to reopen fact discovery for the limited purpose of conducting fact depositions. The deadline for the completion of fact discovery is extended to July 9, 2025. If Plaintiff encounters any delays in scheduling such depositions prior to the July 9 deadline, they should promptly notify the Court.

## CONCLUSION

The Court GRANTS IN PART AND DENIES IN PART the motion to reopen discovery. The parties shall have until July 9, 2025, to complete fact depositions in this matter. By July 23, 2025, the parties shall file the Post-Fact Discovery Joint Status Letter as required by Section 8(d) of the Court's Individual Rules and Practices in Civil Cases.

The Clerk of Court is directed to terminate ECF No. 42.

SO ORDERED.

Dated: June 17, 2025
      New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge