UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

ERIC CAMP,                                                 **STIPULATED**
                                                                    **RULE 502(d) ORDER**
                                Plaintiff,

                  - against -

NEW YORK CITY HEALTH & HOSPITALS            No. 24-cv-01344 (JAV)
CORPORATION, and JEANETTE CUNNINGHAM,
individually,

                                          Defendants.

------------------------------------------------------------------- X

## Stipulated Order Implementing Federal Rule of Evidence 502(d)

*No Waiver by Disclosure.*

        1.      If, in connection with this litigation, a producing party discloses information subject to a claim of attorney-client privilege, attorney work product protection, or any other applicable privilege or protection, whether inadvertently or otherwise ("Protected Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Protected Information and its subject matter. This order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The provisions of Rule 502(b) do not apply.

*Notification Requirements*

        2.      If a party discovers that it disclosed Protected Information, the producing party must notify the party receiving the Protected Information ("Receiving Party"), in writing, that it has disclosed Protected Information without intending a waiver by the disclosure and demand its return or destruction. The producing party must identify the Protected Information subject to this

demand by bates number, or, if unavailable, sufficient information to identify the Protected Information, and provide the basis for the claim of privilege or protection.

*Best Efforts of Receiving Party*

3. Upon such notification, the Receiving Party must (a) immediately stop dissemination and use of the Protected Information, (b) promptly notify the producing party that it will make best efforts to identify and locate the Protected Information and any disseminated copies, (c) destroy, delete, or return any copies of the Protected Information, and (d) within 5 (five) business days, provide a certification that it has complied with these requirements and inform the producing party whether all copies of the Protected Information were located. Thereafter the producing party must provide a privilege log with respect to the Protected Information.

*Contesting Claims of Privilege or Protection*

4. Within thirty (30) days of receiving the notification described in paragraph 2, the receiving party may move the Court for an Order compelling production of the Disclosed Privileged Information. The motion must be filed with Court approval under seal and cannot assert the fact or circumstance of the disclosure as a ground for determining that the material does not constitute Protected Information. Pending resolution of the Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than as required by law to be served with a copy of the sealed motion.

*Burden of Proving Privilege or Protection, In Camera Review*

5. The disclosing party retains the burden of establishing the privileged or protected nature of any Protected Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Protected Information.

*Voluntary and Subject Matter Waiver*

6.  This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection. The provisions of Federal Rule of Evidence 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

*Rule 502(b)(2)*

7.  Rule 502(b) does not apply. The failure to take reasonable steps to prevent the disclosure shall not give rise to a waiver of the privilege or protection.

*Other Clawback and Confidentiality Obligations*

8.  This Order does not affect or rescind any Clawback Agreement or Order governing protection of confidential information to which the parties have otherwise agreed.

*Severability*

9.  The invalidity or unenforceability of any provisions of this Order shall not affect the validity or enforceability of any other provision of this Order, which shall remain in full force and effect.

*Jurisdiction*

10. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

[Signature page to follow]

**STIPULATED TO:**

| | |
|---|---|
| **OFFICE OF THE CORPORATION COUNSEL**<br>*Attorneys for Defendants* | **PHILLIPS & ASSOCIATES, PLLC**<br>*Attorneys for Plaintiff* |
| By: _____/s/ Yi Liu_____<br>Yi Liu<br>Assistant Corporation Counsel | By: _____/s/_____<br>Max C. Bracero, Esq.<br>Attorney for Plaintiff |
| Dated: New York, New York<br>June 6, 2025 | Dated: New York, New York<br>~~June 6,~~ 2025<br>June 9 |

**SO ORDERED:**

_____June 17, 2025_____
Date

_____/s/ Jeannette Vargas_____
Signature